FILED

JAN 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SERGIU GORCEAC, | No. 07-70765 |
| Petitioner, | |
| | Agency No. A095-198-258 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2010
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and ENGLAND, District
Judge.[**]

Sergiu Gorceac petitions for review of a decision by the Board of

Immigration Appeals ("BIA") affirming denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

To qualify for asylum, a petitioner must establish that he is unable or unwilling to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "Establishing past persecution triggers a rebuttable presumption of a well-founded future persecution." *Ruano v. Ashcroft*, 301 F.3d 1155, 1159 (9th Cir. 2002) (internal quotation marks and citation omitted). The presumption may be rebutted where a preponderance of the evidence demonstrates that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution" on a protected ground. 8 CFR § 208.13 (b)(1)(i)(A)–(ii). "[T]he BIA must provide an individualized analysis of how changed conditions will affect the specific petitioner's situation," *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) (internal quotation marks and citation omitted), which "demonstrates that changed conditions . . . have eliminated the basis for [the applicant's] individual fear of future persecution," *Navas v. INS*, 217 F.3d 646, 657 n.13 (9th Cir. 2000) (internal quotation marks and citations omitted).

Here, the BIA determined that Gorceac had suffered past persecution but rejected the presumption of a legitimate fear of future persecution. It concluded that the presumption had been rebutted by evidence that similarly situated individuals, who had also worked for the Moldovan foreign ministry and were not politically aligned with the Communist party, had remained in Moldova without suffering persecution and had been able to obtain new employment. To the contrary, we conclude that these other individuals were not similarly situated to Gorceac. They had not participated in political demonstrations and had not experienced persecution in the past on the basis of political opinion, as did Gorceac. Their circumstances simply did not illuminate how conditions may have changed for Gorceac. Because the BIA "reached a conclusion regarding changed country conditions . . . in a faulty way," we grant Gorceac's petition with respect to his asylum claim and remand to the BIA to determine, under a proper changed conditions analysis, whether the presumption of a well-founded fear of persecution is rebutted by a preponderance of the evidence. *Lopez*, 366 F.3d at 806–07. In its analysis, the BIA may also consider any presentation of updated evidence of Moldovan country conditions. *See id.*; *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095–96 (9th Cir. 2009) (remanding on open record).

Because the BIA did not independently analyze Gorceac's entitlement to withholding of removal, in light of its conclusion that he had not met the lower burden of establishing eligibility for asylum, **A.R. 3**, we also grant Gorceac's petition with respect to this claim and remand to the BIA to determine whether, under a proper changed circumstances analysis, Gorceac is entitled to withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

Substantial evidence supports the BIA's determination that Gorceac is not entitled to a grant of asylum on humanitarian grounds or CAT protection. "Even absent a likelihood of future persecution, asylum is warranted for humanitarian reasons [where an asylum applicant] demonstrate[s] that in the past he suffered atrocious forms of persecution on account of political opinion." *Vongsakdy v. INS*, 171 F.3d 1203, 1206 (9th Cir. 1999) (internal quotation marks and citation omitted). There was no abuse of discretion by the BIA in denying Gorceac asylum on humanitarian grounds. Evidence indicating that Gorceac experienced physical abuse, not requiring medical treatment, during two detentions does not compel a conclusion that he suffered atrocious abuse. *See INS v. Elias-Zazrias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence

4

not only supports that conclusion, but compels it."). Additionally, Gorceac has not demonstrated "any reasonable likelihood" that he will be tortured if forced to return to Moldova and therefore is not entitled to CAT protection. *Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007). We deny Gorceac's petition with respect to his claims of entitlement to a humanitarian grant of asylum and CAT relief.

The parties shall bear their own costs on appeal.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**

**Gorceac v. Holder, No. 07-70765**

CALLAHAN, CIRCUIT JUDGE, dissenting:

I dissent from the majority's holding that the Board of Immigration Appeals ("BIA") failed to provide a sufficiently individualized analysis of how changed country conditions will affect Mr. Gorceac and that therefore remand is required on his asylum and withholding of removal claims. I would hold that the State Department's Advisory Opinion—which discussed how two other individuals who had previously been employed by the Moldavan Ministry of Foreign Affairs were not subject to persecution in Moldavia—was sufficiently individualized. Furthermore, I would hold that the Advisory Opinion, when combined with the State Department country report, provided sufficient evidence, under our deferential standard of review, to support the BIA's determination that the government had rebutted the presumption of a well-founded fear of future persecution. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004 ) (remanding where the BIA did not make an individualized determination as to the effect of country conditions on the petitioner). Because I would affirm the BIA's asylum decision, I would also affirm its withholding of removal decision and I would otherwise deny his petition.